Hubert T. Lee (SBN 297548) (*hlee@mpplaw.com*)
Raina Richter (SBN 239357) (*rrichter@mpplaw.com*)
**MORRIS POLICH & PURDY LLP**
1055 West Seventh Street
Twenty-Fourth Floor
Los Angeles, California 90017
Telephone: (213) 891-9100 / Facsimile: (213) 488-1178

Gerald P. Schneeweis, (SBN 101331) (*gschneeweis@mpplaw.com*)
**MORRIS POLICH & PURDY LLP**
600 West Broadway, Suite 500
San Diego, California 92101
Telephone: (619) 557-0404 / Facsimile: (619) 557-0460

Jeffery A. Handelman (*Pro Hac Vice – application pending*)
(*jhandelman@brinksgilson.com*
Andrew J. Avsec (*Pro Hac Vice – application pending*)
(*aavsec@brinksgilson.com*)
**BRINKS GILSON & LIONE**
NBC Tower - Suite 3600
455 N. Cityfront Plaza Drive
Chicago, Illinois 60611
Telephone: (312) 321-4200 / Facsimile: (312) 321-4299

*Attorneys for Plaintiffs Little Caesar Enterprises, Inc., and
LC Trademarks, Inc.*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| LITTLE CAESAR ENTERPRISES, INC., a Michigan corporation and LC TRADEMARKS, INC., a Michigan corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>PIARA PIZZA LLC, a California limited liability Company,<br><br>Defendant. | Case No. 2:15-cv-6943 <br><br>**COMPLAINT FOR DAMAGES AND PERMANENT INJUNCTION:**<br><br>1. **FEDERAL TRADEMARK INFRINGEMENT**<br>2. **FEDERAL UNFAIR COMPETITION**<br>3. **INJURY TO BUSINESS REPUTATION AND DILUTION**<br>4. **CALIFORNIA STATUTORY UNFAIR COMPETITION**<br>5. **CALIFORNIA COMMON LAW UNFAIR COMETITION**<br><br>**DEMAND FOR JURY TRIAL** |

/ / /

/ / /

1

For its Complaint against Defendant Piara Pizza LLC ("Defendant" or "Piara Pizza"), Plaintiffs Little Caesar Enterprises, Inc., and LC Trademarks, Inc. (collectively, "Plaintiffs" or "Little Caesar") allege as follows:

## JURISDICTION AND VENUE

1.     This is an action under the trademark laws of the United States, 15 USC 1051, et seq., for trademark infringement and unfair competition pursuant to Sections 32 and 43(a) of the Trademark Act of 1946 (the Lanham Act), as amended, 15 USC 1114 and 1125(a), common law and related state law claims as hereinafter more fully appear.  Jurisdiction is based upon 15 U.S.C. § 1121, 28 U.S.C. §§ 1331 and 1338 and the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.  Jurisdiction is also based upon diversity of citizenship under 28 U.S.C. § 1332, in that Plaintiffs are Michigan corporations with their principal place of business in Detroit, Michigan, and Defendant is a California limited liability company with its principal place of business in Whittier, California, and the amount in controversy exceeds $75,000, exclusive of interest and costs.  This Court has personal jurisdiction over the Defendant since, on information and belief, Defendant has transacted business in this District, directly or through intermediaries, and/or committed acts of infringement in this District.  Venue is proper in this district under 28 U.S.C. §§ 1391 and 1400. Little Caesar demands a trial by jury in this case under Fed. R. Civ. P. 38.

## THE PARTIES

2.     Plaintiff Little Caesar Enterprises, Inc. is a Michigan corporation with its principal place of business in Detroit, Michigan.  Little Caesar Enterprises, Inc. is engaged in the business of operating and franchising distinctive styles of restaurants under the trade name "Little Caesars" throughout the United States.  Services and products sold by Little Caesar Enterprises, Inc. and its franchisees are offered for sale and sold in this District.  Little Caesar Enterprises, Inc., itself and through its franchisees, is doing business in this District.  Plaintiff LC Trademarks, Inc. is a Michigan corporation with its principal place of business in Detroit, Michigan.

LC Trademarks, Inc. is the owner of the Little Caesar trademarks, service marks, and trade name and related marks, which it licenses to Little Caesar Enterprises, Inc., which in turn licenses them to Little Caesar franchisees throughout the United States.

3.    Defendant, upon information and belief, is a limited liability company organized under the laws of California, which operates numerous businesses in this District.

**Common Allegations**

4.    Little Caesar, through significant expenditure of time and funds over many years, has developed and implemented a valuable and unique pizza restaurant format and operating system (collectively referred to as the "Little Caesars® System" or the "System"), identified by its registered service mark LITTLE CAESARS®, for establishing, developing, operating, managing, promoting and advertising a low-cost yet profitable carryout pizza restaurant based on an advanced system of food preparation, service and sales. The Little Caesars® System includes uniform standards, specifications and procedures of operation, and the uniform high quality products and services offered by Little Caesars® restaurants.

5.    Little Caesar conducts its pizza restaurant business in part through a franchise business model, wherein it grants to qualified persons franchises to own and operate Little Caesars® restaurants selling products authorized and approved by Little Caesar, and licenses to those franchisees the rights to use the Little Caesars® System, Little Caesars® trademarks (the "Marks"), and distinctive Little Caesars® store design, décor, and layout ("Trade Dress") in connection with those restaurants. Little Caesar currently franchises Little Caesar® restaurants in all fifty states, Puerto Rico and Guam.

6.    Franchisees acquire from Little Caesar a license to use a variety of confidential and proprietary business information concerning the System, including standards, specifications, procedures and methods for setting up and operating a Little Caesars® restaurant.  Franchisees also receive training in all material aspects of the

operation of their Little Caesars® restaurants, including, without limitation, recipes and detailed directions for food preparation and packaging; marketing and advertising techniques; financial controls; promotion and merchandising methods, techniques, and procedures; buying and inventory procedures; maintenance of quality standards; and other aspects of restaurant operations.

7.     Little Caesar's System also includes a proprietary and specific process and methodology, developed by Little Caesar over the course of years and at considerable expense, for producing and making available to the public a convenient, high quality, carry-out, low cost pizza sold under the registered trademark HOT-N-READY.

8.     By providing franchisees with licenses permitting them to replicate Little Caesar's established System and use the Little Caesars® Marks and Trade Dress, Little Caesar enables franchisees to enter the pizza restaurant business with an established and proven concept and operating system and further enables them to take advantage of the valuable goodwill and consumer recognition associated with the Little Caesars® Marks and Trade Dress.

9.     Little Caesar runs extensive national advertising campaigns promoting its product offerings for its own benefit and for the benefit of its franchisees.

**MARKS**

10.     One distinguishing characteristic of the Little Caesar System is the registered and non-registered trademarks and service marks used in connection with the business (the "Marks").  The Marks are owned by Little Caesar's affiliate, LC Trademarks, Inc. and licensed to Little Caesar and franchisees.  The Marks include those registered on the Principal Register of the United States Patent and Trademark Office, including, among others, the following:

/ / /

/ / /

/ / /

4

| **Mark** | | **Registration No.** | **Registration date** |
|---|---|---|---|
| a. | LITTLE CAESARS | 842,596 | 01/16/1968 |
| b. |  | 3,904,450 | 01/11/2011 |
| c. | HOT-N-READY | 3,030,991 | 12/20/2005 |
| d. | pizza!pizza! | 1,439,558 | 03/12/1987 |

A copy of each of these registrations is attached as Tabs 1-4.  These registrations are in full force and effect, and those registrations have become incontestable under the provisions of 15 USC § 1065.  Little Caesar has used and continues to use these marks continuously in connection with Little Caesar stores.

11.  The Little Caesar Marks have become, through widespread and favorable public acceptance and recognition, an asset of substantial value as a symbol of Little Caesar, its quality products and its goodwill.  Indeed, due to the duration of their use, the extensive promotion, and strong consumer recognition, the above-referenced Little Caesar Marks have become famous both nationally and in California.

**Trade Dress**

12.  Another distinguishing characteristic of the Little Caesar System is the consistent and distinctive appearance of its restaurants (the "Trade Dress").

13.  The Trade Dress of Little Caesar restaurants includes the orange, black and white color scheme prominently used throughout Little Caesars's business, and also includes the signage, lettering style, color scheme, exterior appearance, floor plans, and décor that are featured at the restaurants operated by Little Caesar and its franchisees, including on Little Caesar's packaging, signage and advertisements (including, without limitation, counters, menu boards, display racks, and uniforms). The combination of these design elements, taken together, creates a distinctive visual appearance that is strongly associated with Little Caesar. The total image, design and appearance of Little Caesar's restaurants have acquired substantial strength and

consumer goodwill symbolizing the source of Little Caesar's high-quality products and services.

14.     Representative examples of Little Caesar's Trade Dress are depicted below and attached at Tab 5.








15.     The Little Caesar Trade Dress consists of arbitrary design features and embellishments adopted for the purpose of identification and individuality. The Trade Dress is not functional and does not include any functional elements.

16.     The visual elements and effects of the Trade Dress create an arbitrary, distinctive total overall visual impression.  Accordingly, the Trade Dress is inherently distinctive.

17.     Alternatively, to the extent the Trade Dress is not inherently distinctive, the Trade Dress acquired secondary meaning long before Defendant adopted its trade dress.   The purchasing public associates the Little Caesar's Trade Dress with a particular source, as the result of the substantial advertising, promotion and sales that Little Caesar has provided under its Trade Dress.

18.     Defendant Piara Pizza's deliberate copying of Little Caesar's Trade Dress, as described below, creates an inference of secondary meaning.

**National Advertising and Promotion**

19.     Little Caesar, itself and through its franchisees, has extensively promoted Little Caesar's products and services through national, regional and local advertisements and promotions that prominently feature the Little Caesar Marks and

Trade Dress.

20.    In particular, Little Caesar has become well-known for its innovative and distinctive advertisements promoting HOT-N-READY® cheese and pepperoni pizza, as well as its more recently introduced square deep dish pizza.  Little Caesar has expended significant resources advertising these promotions over several years, including through television, internet, print, and in-store advertising.

**PIARA PIZZA'S INFRINGING ACTIVITIES**

21.    Piara Pizza provides restaurant services, and specifically, sells pizza, bread sticks and wings.  Piara Pizza competes directly with Little Caesar.

22.    Piara Pizza operates approximately twelve restaurants in the Los Angeles area.

23.    Piara Pizza has simulated Little Caesar's Trade Dress, Trademarks, and product promotions, thereby creating a likelihood of confusion between its business and products and those of Little Caesar.

24.    Piara Pizza has adopted and uses the colors orange, white, and black as its trade dress on packaging, signage and advertisements and at Piara Pizza restaurants, including exterior signs, interior décor (including, without limitation, counters, menu boards, display racks, and uniforms).  The color scheme and related trade dress elements used by Piara Pizza are strikingly similar to Little Caesar's Trade Dress.  Representative examples of Piara Pizza's Trade Dress are depicted below and attached at Tab 6:

/ / /

/ / /

/ / /

8





25.     Piara Pizza prominently features a sign on the outside of its restaurants in white text surrounded by a black and orange outline.  The signage also features the phrase Fresh! Hot! Ready! in a prominent trademark manner in association with the other confusingly similar trade dress elements.   The collection of these elements, taken together, creates a likelihood that consumers will believe that Defendant and its products are connected to, affiliated with or sponsored by Little Caesar, when this is not the case.

26.     The inside of Piara Pizza restaurants likewise simulates the Little Caesar Trade Dress, including that Piara Pizza uses the same orange, white and black color scheme as the Little Caesar Trade Dress for the décor of its restaurants, and in particular, prominently uses the color orange as the color of the counter, just as Little Caesar does in its restaurants.

27.    The Piara Pizza restaurants take many other detailed elements, including for example that Piara Pizza restaurants use the same or similar promotions as Little Caesar which are presented with a similar look and feel to those of Little Caesar.

28.    The Piara Pizza packaging also borrows many elements from Little Caesar's, including for example that Defendant's pizza and bread stick packaging prominently features the colors orange, white and black.

29.    In addition to the adoption of trade dress similar to the Little Caesar's Trade Dress, Piara Pizza also uses the phrase Fresh! Hot! Ready! in a prominent trademark manner in connection with the marketing and sale of its competing pizza products, thereby creating a likelihood of confusion with Little Caesar's prior use of the federally registered mark HOT-N-READY for its products and services.  Little Caesar has used the federally registered mark HOT-N-READY in connection with the promotion and sale of its products and services for many years.

30.    Piara Pizza's adoption of marks and trade dress similar to the Little Caesar Marks and Trade Dress is not accidental.  Little Caesar has long run national advertising campaigns featuring its HOT-N-READY pizzas and square deep dish pizzas.  Piara Pizza has attempted to capitalize on those campaigns by offering the same types of pizzas, at the same or similar price points, using the confusingly similar phrase Fresh! Hot! Ready! in a prominent trademark manner, in association with confusingly similar trade dress elements as outlined above.

31.    Examples of a Little Caesar promotion (top two images) and a Piara Pizza promotion (bottom image) advertising the $8 deep dish pizzas are depicted below:

/ / /

/ / /

/ / /





32.    Piara Pizza's deep dish pizza adopted the same square shape, same price point, and even the same number of pepperoni slices for its pizza, which is advertised in Little Caesar's characteristic orange, black and white trade dress.

33.    To aggravate the likelihood of confusion, the "Piara Pizza" trademark is only two letters different from Little Caesar's well known Pizza!Pizza! trademark.

34.    Upon information and belief, Piara Pizza offers and sells its products and services to the same or overlapping consumers, through the same or overlapping trade channels, in the same markets.

### BEFORE LAUNCHING ITS RESTAURANTS, PIARA PIZZA
### WAS AWARE OF LITTLE CAESAR'S PRIOR RIGHTS

35.    Upon information and belief, the founder and President of Piara Pizza, one Sergio Bayeh, himself is a former franchisee of Little Caesar, or is related to a

former or current franchisee of Little Caesar, and had actual knowledge of the Little Caesar Trade Dress and Trademarks before Piara Pizza began doing business.  As is evident from Piara Pizza's adoption of its name, its slogan, its color schemes, its business model, its promotions, and nearly all of the visible aspects of its business, the clear intent is to create a knock-off chain of restaurants in order to capitalize on Little Caesar's national advertising campaigns and the goodwill symbolized by the Little Caesar Marks and Trade Dress.

36.   On July 25, 2012, Little Caesar sent a demand letter to Piara Pizza's attorney concerning the use of the phrase FRESH! HOT! READY! citing Little Caesar's prior rights in the HOT-N-READY mark.  Little Caesar's made it clear that it considered the sale of carryout pizzas under this tagline problematic in light of Little Caesar's prior rights in the federally registered HOT-N-READY Mark.  Piara Pizza responded to the letter on August 8, 2012, stating that its use of FRESH! HOT! READY! is "unique, different and distinct" from Little Caesar's HOT-N-READY mark.

37.   As is shown above, Piara Pizza's copying of numerous aspects of Little Caesar's Marks, Trade Dress, and promotions demonstrates that Piara Pizza has not attempted to create a "unique, different and distinct" business.  Rather, despite Little Caesar's warning, Piara Pizza has continued to expand the number of its stores and has further encroached on Little Caesar's trade dress and trademarks, in disregard of Little Caesar's prior rights.  Because of the totality of Piara Pizza's actions and encroachment, Little Caesar seeks the relief requested herein to avoid confusion in the marketplace and to protect its rights.

38.   Unless Piara Pizza is restrained by this court, consumers will believe that Piara Pizza's goods and services are sponsored by, approved by, affiliated or associated with Little Caesar, when this is not the case.

/ / /

/ / /

1   **PIARA PIZZA'S ACTIONS ARE LIKELY TO CONFUSE CONSUMERS**

2   39.   The totality of Defendant's conduct, including the use of trade dress

3   similar to the Little Caesar Trade Dress, trademarks similar to the Little Caesar

4   Marks, and promotions nearly identical to Little Caesar's promotions, is likely to

5   confuse consumers into believing that Defendant's restaurants come from or are

6   sponsored by or affiliated with Little Caesar.

7   40.   Defendant's continued promotion and offering of pizza under the

8   "Fresh! Hot! Ready!" mark and under the same orange, black and white trade dress

9   that Little Caesar's uses, is damaging Little Caesar.   Consumers are likely to

10  mistakenly believe that Piara Pizza is authorized by, or affiliated with Little Caesar

11  when that is not the case.

12  41.   Defendant launched the Piara Pizza restaurants with actual knowledge

13  of Little Caesar's prior rights in the Little Caesar Marks and Little Caesar Trade

14  Dress, and with the intent to confuse consumers and to trade off of Little Caesar's

15  investment in its well-known marks, trade dress, and promotions.   In willful disregard

16  of Little Caesar's rights, Piara Pizza started selling directly competing products under

17  confusingly similar trade dress and marks with the use of nearly identical promotions

18  for the same products, in an effort to capitalize on the Little Caesar's investment and

19  goodwill.   As a result of the Defendant's actions, Little Caesar has suffered

20  irreparable injury to its goodwill and its business reputation.   Little Caesar will

21  continue to suffer irreparable injury and harm if Defendant is not restrained by this

22  Court from further violation of the rights alleged herein.   Little Caesar has no

23  adequate remedy at law.

24  **COUNT I**

25  **Lanham Act Trademark Infringement**

26  42.   Little Caesar repeats and realleges each and every allegation of

27  Paragraphs 1 through 41 above.

28  / / /

13

43.     Defendant's use of marks and trade dress that are confusingly similar to the Little Caesar Marks and Trade Dress violates Section 32 of the Lanham Act, 15 USC § 1114, is likely to cause confusion, mistake and to deceive as to the origin, sponsorship or approval of Defendant's products and services because:

  a. A high degree of similarity exists between the parties' marks and trade dress;

  b. Defendant chose its marks and trade dress knowingly and intentionally to   copy and to benefit from the reputation and goodwill of Little Caesar;

  c. There is a similarity of products, customers, channels of distribution, and marketing;

  d. customers are not likely to exercise care in distinguishing the marks and trade dress of these relatively inexpensive impulse items; and

  e. The Little Caesar Trade Dress and Marks are strong source identifiers, both conceptually and commercially.

44.     Defendant has adopted and used the infringing marks after notice of Little Caesar's rights under its registrations, as provided by 15 USC § 1072.

45.     Little Caesar has been and will be damaged and irreparably injured as a result of these actions.

46.     Defendant created, adopted and used in commerce the confusingly similar trade dress and trademarks with full knowledge of Little Caesar's prior rights in the Little Caesar Marks and Trade Dress.  The totality of Defendant's actions, including the use of the phrase Fresh! Hot! Ready! in a prominent trademark manner, the use of Little Caesar's distinct trade dress, and the running of nearly identical promotional campaigns, demonstrates Defendant's bad faith and willfulness, as well Defendant's deliberate intent to trade on the significant goodwill developed in the Little Caesar Marks and Trade Dress and to pass off its restaurants as being affiliated

with, sponsored by or associated with Little Caesar.  In view of the willful nature of Defendant's activities, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

47.    Unless restrained by this Court, Defendant will continue to engage in its scheme to violate the longstanding rights of Little Caesar, to mislead the public, and to trade upon and injure Little Caesar's reputation and goodwill.  Defendant's infringement has damaged Little Caesar, has resulted in unjust enrichment to Defendant, and has caused and will continue to cause substantial and irreparable damage and injury to Little Caesar and the public, for which damage and injury Little Caesar has no adequate remedy at law.

## COUNT II

### Lanham Act False Designation of Origin

48.    Little Caesar repeats and realleges each and every allegation of Paragraphs 1 through 47 above.

49.    Defendant created, adopted and used in commerce the confusingly similar trade dress and trademarks with full knowledge of Little Caesar's prior rights in the Little Caesar Marks and Trade Dress.  The totality of Defendant's actions, including the sale and promotion of pizzas under the Fresh! Hot! Ready! mark, the adoption of Little Caesar's distinct trade dress, and the running of nearly identical promotional campaigns demonstrates Defendant's bad faith and willfulness, as well Defendant's deliberate intent to trade on the significant goodwill developed in the Little Caesar Marks and Trade Dress and to pass off its restaurants as being affiliated with, sponsored by or associated with Little Caesar.

50.    Defendant's actions violate Section 43(a) of the Lanham Act, 15 USC § 1125(a), and are likely to cause confusion, mistake, and/or deception among the relevant public, including consumers, as to the affiliation, connection, or association between Piara Pizza and Little Caesar, and/or mislead the public into thinking that Little Caesar is the origin of, or has sponsored or approved of, Piara Pizza's products

and/or commercial activities. Defendant's activities constitute trademark infringement, false designation of origin, passing off, and unfair competition.

51.   Defendant's actions, as described above, constitute use of a false designation of origin, or a false representation, which wrongfully and falsely designates the origin of Defendant's products and services as originating from or being connected with Little Caesar, and thereby constitutes a false description or representation used in interstate commerce in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).   Defendant has and will continue to unfairly acquire income and profits resulting from its acts of unfair competition.  In addition, as a result of Defendant's actions, Little Caesar has suffered and will continue to suffer damages and harm to its goodwill.  Defendant's acts of unfair competition will cause further irreparable harm to Little Caesar if this Court does not restrain Defendant from further violation of Little Caesar's rights.   By its actions, as hereinabove pleaded, Defendant is violating Little Caesar's rights because, among other things, it:

> a.   misappropriates goodwill, reputation and other valuable property rights in the Little Caesar Marks and Trade Dress;
>
> b.   tends to falsely describe or represent Defendant's products by causing and allowing confusion as to the source of the goods and services; and
>
> c.   misrepresents the nature of Defendant's goods and commercial activities.

52.   Little Caesar has been damaged and irreparably injured as a result of these actions. Defendant's actions have harmed and will continue to irreparable harm Little Caesar's reputation and goodwill.

53.   In view of the willful nature of Defendant's activities, this is an exceptional case within the meaning of 15 U.S.C. § 1117(a).

/ / /

16

54.     Unless restrained by this Court, Defendant will continue to engage in its scheme to violate the longstanding rights of Little Caesar, to mislead the public, and to trade upon and injure Little Caesar's reputation and goodwill.  Defendant's infringement has damaged Little Caesar, has resulted in unjust enrichment to Defendant, and has caused and will continue to cause substantial and irreparable damage and injury to Little Caesar and the public, for which damage and injury Little Caesar has no adequate remedy at law.

## COUNT III

### Injury to Business Reputation and Dilution under

### Cal. Bus. & Prof. Code § 14247

55.     Little Caesar repeats and realleges each and every allegation of Paragraphs 1 through 54 above as if here set forth at length.

56.     Defendant's use of the Fresh! Hot! Ready! mark and of its trade dress to promote the sale of Defendant's products will dilute the distinctive quality of the Little Caesar Marks and Trade Dress with products offered now and in the future by Little Caesar and will impair and diminish the distinctiveness, effectiveness and value of the Little Caesar Marks and Little Caesar Trade Dress.

57.     By reason of the above, Defendant is liable for dilution of the Little Caesar Marks and Trade Dress. Defendant's acts have caused Little Caesar to suffer economic damage and have caused and will continue to cause substantial and irreparable damage and injury to Little Caesar and the public, for which damage and injury Little Caesar has no adequate remedy at law.

## COUNT IV

### California Statutory Unfair Competition

### Cal. Bus. & Prof. Code Section § 17200

58.     Little Caesar repeats and realleges each and every allegation of Paragraphs 1 through 57 above as if here set forth at length.

/ / /

59.     Defendant created, adopted and used in commerce the confusingly similar trade dress and trademarks with full knowledge of Little Caesar's prior rights in the Little Caesar Marks and Trade Dress.  The totality of Defendant's actions, including the sale and promotion of pizzas under the Fresh! Hot! Ready! mark, the adoption of Little Caesar's distinct trade dress, and the running of nearly identical promotional campaigns demonstrates Defendant's bad faith and willfulness, as well Defendant's deliberate intent to trade on the significant goodwill developed in the Little Caesar Marks and Trade Dress. It also demonstrates Defendant's intent to pass off its restaurants as being affiliated, sponsored by or associated with Little Caesar. As a result of the actions described herein, Defendant unfairly competes with and creates a false designation of origin with Little Caesar.

60.     Defendant has willfully, knowingly, and without Little Caesar's authorization, promoted, advertised, sold and offered for sale goods and services under marks and trade dress that infringe the Little Caesar Marks and Little Caesar Trade Dress.  In addition, Defendant has employed confusingly similar promotional campaigns to ride on Little Caesar's national promotional campaigns, created confusion in the marketplace, and harmed the goodwill that Little Caesar has developed in the Little Caesar Marks and Little Caesar Trade Dress.

61.     Defendant's actions are likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of Defendant's products and related commercial activities.  Defendant's actions are an unlawful or unfair business act or practice and constitute unfair competition in violation of Cal. Bus. & Prof. Code §§ 17200, et seq.

62.     Defendant's acts of unfair competition have caused Little Caesar to suffer economic damage, have resulted in unjust enrichment to Defendant, and have caused and will continue to cause substantial and irreparable damage and injury to Little Caesar and the public, for which damage and injury Little Caesar has no adequate remedy at law.

## COUNT V

### California Common Law of Unfair Competition

63.    Little Caesar repeats and realleges each and every allegation of Paragraphs 1 through 62 above as if here set forth at length.

64.    The totality of Defendant's actions, including the sale and promotion of pizzas under the Fresh! Hot! Ready! mark, the adoption of Little Caesar's distinct trade dress, and the running of nearly identical promotional campaigns demonstrates Defendant's bad faith and willfulness, as well as Defendant's deliberate intent to trade on the significant goodwill developed in the Little Caesar Marks and Trade Dress and to pass off its restaurants as being affiliated, sponsored by or associated with Little Caesar.

65.    Defendant's actions as set forth herein are likely to cause confusion, or to cause mistake, or to deceive consumers as to the origin, sponsorship or approval of Defendant's products and related commercial activities, and constitutes unfair competition in violation of the common law of the State of California.

66.    Defendant's acts of unfair competition have caused Little Caesar to suffer economic damage, have resulted in unjust enrichment to Defendant, have resulted in the misappropriation of valuable property rights of Little Caesar, and have caused and will continue to cause substantial and irreparable damage and injury to Little Caesar and the public, for which damage and injury Little Caesar has no adequate remedy at law.

### PRAYER FOR RELIEF

**WHEREFORE, Little Caesar demands:**

A.    That Defendant, together with all of its officers, agents, servants, employees, attorneys, successors, related companies and assigns and its business or businesses, and all those in active concert or participation with it, be forthwith preliminarily and thereafter permanently enjoined and restrained from:

1.    Using, marketing or selling any products or services in connection

19

with the Piara Pizza's orange, black and white trade dress or any other trade dress which is confusingly similar to Little Caesar Trade Dress;

2.   Using, marketing or selling any products in connection with the Fresh! Hot! Ready! mark, or any other mark that is confusingly similar to the HOT-N-READY mark;

3.   Doing any other act or thing (i) likely to induce the mistaken belief that Defendant's products or services are in any way affiliated, connected or associated with Little Caesar or its services or other products, or (ii) that otherwise would damage Little Caesar's goodwill and reputation;

5.   Unfairly competing with Little Caesar in any manner whatsoever, including by running identical promotions, under marks and trade dress confusingly similar to the Little Caesar Marks and Trade Dress; and

6.   Causing a likelihood of confusion or dilution with respect to Little Caesar Marks or Little Caesar Trade Dress, or injury to the business reputation of Little Caesar.

B.   Directing Defendant to file with the court and serve on counsel for Plaintiffs within 30 days after entry of any injunction issued by the court in this action, a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction, as provided by the Lanham Act 15 USC 1116;

C.   Awarding Little Caesar damages sustained by reason of these actions, such damages to be trebled in accordance with the Lanham Act, 15 USC 1117;

D.   Awarding Little Caesar its attorney's fees incurred in this action, in view of the willful nature of Defendant's actions, in accordance with the Lanham Act, 15 USC 1117.

1    D.    Awarding Little Caesar such other actual, punitive and exemplary

2    damages to which they are found to be entitled;

3    E.    Awarding Little Caesar pre- and post-judgment interest on its damages;

4    and

5    F.    That Little Caesar shall have such other and further relief as this Court

6    may deem just.

7    DATED: September 3, 2015          **MORRIS POLICH & PURDY LLP**

8

9                                     By: /s/
                                           Hubert T. Lee
10                                    (*hlee@mpplaw.com*)
                                      1055 West Seventh Street
11                                    Twenty-Fourth Floor
                                      Los Angeles, California 90017
12                                    Telephone: (213) 891-9100
                                      Facsimile: (213) 488-1178
13
                                      Gerald P. Schneeweis,
14                                    (*gschneeweis@mpplaw.com*)
                                      600 West Broadway, Suite 500
15                                    San Diego, California 92101
                                      Telephone: (619) 557-0404
16                                    Facsimile: (619) 557-0460

17                                    **BRINKS GILSON & LIONE**

18                                    Jeffery A. Handelman
                                      (*Pro Hac Vice – application pending*)
19                                    (*jhandelman@brinksgilson.com*)
                                      Andrew J. Avsec
20                                    (*Pro Hac Vice – application pending*)
                                      (*aavsec@brinksgilson.com*)
21                                    NBC Tower - Suite 3600
                                      455 N. Cityfront Plaza Drive
22                                    Chicago, Illinois 60611
                                      Telephone: (312) 321-4200
23                                    Facsimile: (312) 321-4299

24                                    *Attorneys for Plaintiffs Little Caesar*
                                      *Enterprises, Inc., and LC Trademarks, Inc.*
25

26

27

28

1

## DEMAND FOR JURY TRIAL

2          Plaintiffs Little Caesar Enterprises, Inc., and LC Trademarks, Inc., hereby

3    demand trial of this matter by jury, pursuant to Federal Rules of Civil Procedure,

4    Rule 38.

5

6    DATED: September 3, 2015                  **MORRIS POLICH & PURDY LLP**

7

8                                              By:  /s/
                                                       Hubert T. Lee
9                                              (*hlee@mpplaw.com*)
                                               1055 West Seventh Street
10                                             Twenty-Fourth Floor
                                               Los Angeles, California 90017
11                                             Telephone: (213) 891-9100
                                               Facsimile: (213) 488-1178

12                                             Gerald P. Schneeweis,
                                               (*gschneeweis@mpplaw.com*)
13                                             600 West Broadway, Suite 500
                                               San Diego, California 92101
14                                             Telephone: (619) 557-0404
                                               Facsimile: (619) 557-0460

15                                             **BRINKS GILSON & LIONE**

16
                                               Jeffery A. Handelman
17                                             (*Pro Hac Vice – application pending*)
                                                (*jhandelman@brinksgilson.com*)
18                                             Andrew J. Avsec
                                               (*Pro Hac Vice – application pending*)
19                                             (*aavsec@brinksgilson.com*)
                                               NBC Tower - Suite 3600
20                                             455 N. Cityfront Plaza Drive
                                               Chicago, Illinois 60611
21                                             Telephone: (312) 321-4200
                                               Facsimile: (312) 321-4299

22
                                               *Attorneys for Plaintiffs Little Caesar*
23                                             *Enterprises, Inc., and LC Trademarks, Inc.*

24

25

26

27

28